IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YU-PING DAVID OYOUNG § | CIVIL ACTION NO.___ |
| § | |
| VS. § | |
| § | |
| VALERUS Corporation | |
| | |
| AND | |
| | |
| Steve R. Gill § | |
| CEO / VALERUS Corporation | |

# PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT

I. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

## PARTIES

2. The Plaintiff is: **YU-PING DAVID OYOUNG** is an individual residing in

County of Residence: **Missouri City, Fort Bend County, Texas**

3. The Defendant is: **VALERUS Corporation**
Has continuously been and is now Domestic Business Corporation doing business in

Houston, TX. Defendant may be served via Certified Mail, Return Receipt Requested to its Registered agent, Steve R. Gill at 919 Milam Street Suite 1000 Houston, TX 77002.

4. The plaintiff has attached to this complaint a copy of the charges filed on December 10, 2015 with the Equal Opportunity Commission.

5. On the date of **Oct. 2, 2015**, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiffs:

    (a) ■ race

    (b) ■ age

    (c) O sex

    (d) O religion

    (e) ■ national origin,

    the defendant has:

    (a) O failed to employ the plaintiff

    (b) ■ terminated the plaintiff's employment

    (c) ■ failed to promote the plaintiff

    (d) ■
       other: Retaliate against the Plaintiff after EEOC complaint has been filed to the Human Resource 's EEO policy enforcement division and manager

7. When and how the defendant has discriminated against the plaintiff:

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 621 *et seq.,* and 28 U.S.C. § 1331. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by 29 U.S.C. § 621 *et seq.* providing for relief against discrimination on the basis of age in employment.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 Section 2000e-5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. Sections 2000e ET. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. Section 2000e ET. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment, as amended by the Civil Rights Act of 1991.

3.      Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendant is doing business in the Houston Division, in this district, and the activities giving rise to the Plaintiffs claim took place in this district.

4.      The company has continuously and does now employee more than fifteen (15) persons.

5.      Since at least July 20, 2011, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of§ 701 (b) (g) (h) of Title VII, 42 U.S.C. Section 2000e (b) (g) (h).

6.      Within 90 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about August 15, 2013, against the company.

7.  On or about Oct. 2, 2015, Plaintiff received a "Notice of Right to Suit" from the Texas Commission on Human Rights acting as the investigative agency for the Texas has continuously been and is now a Domestic Business Corporation doing business in Houston, Texas. Defendant may be served via Certified Mail, Return Receipt Requested to its

**Registered agent, Steve R. Gill at 919 Milam Street Suite 1000 Houston,**

## FIRST CLAIM FOR RELIEF

10. Plaintiff was an employee of Defendant. Plaintiff was employed by VALERUS Corporation in Houston, Texas in June 25, 2012 as a Senior Manager of Process Engineering.

11. Plaintiff performed his duties successfully as an employee of the Defendant up to the date of his termination. July 23, 2013 as a Senior Manager of Process Engineering.

12. On or about July 23, 2013, Plaintiffs employment with Defendant was terminated by Defendant.

13. Plaintiff was born on September 15, 1954 and was 59 years old at the time of his termination.

14. Plaintiff is informed and believes and therefore alleges that Defendant replaced him in the position, which he formerly held with Defendant with a younger employee that had less experience than Plaintiff in the job.

15. The termination of Plaintiff by Defendant was because of Plaintiffs age, which violates 29 U.S.C § 623(a) (1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

16. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

    (a) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees;

    (b)    Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger, but un-qualified employees.

17.    The termination of Plaintiffs employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover triple damages.

## SECOND CLAIM FOR RELIEF

18.    Plaintiff was an Asian, national origin, Chinese employee of Defendant.  Plaintiff was employed by defendant, Valerus Corporation (or so called as Valerus Compression Services, LP. at 2012) In Houston, Texas in June 25, 2012 as a Senior Manager of Process.

19.    At all times relevant hereto, Plaintiff has been discriminated against by Defendant with Respect to compensation, terms, promotions, conditions, privileges, and opportunities of employment and has been subject to those illegal acts, practices, and conduct alleged in this Complaint.

20.    At all times relevant hereto, Defendant has enacted and effected policies and practices Of Unlawful and systematic exclusion of and discrimination against Plaintiff, because his age of 59, as an Asian American

By
*Inter alia:*

    (a) Failing to equalize conditions of employment for Plaintiff as contrasted with Non-Asian employees;

    (b) Adopting unreasonable, unwarranted and arbitrary standards and conditions of Employment and advancement designed to discriminate against Plaintiff in favor of Non- Asian employees.

    (c) Terminating Plaintiff because his age of 59, and he is Asian, national origin, Chinese.

## DAMAGES

At the time of his discharge, Plaintiff earned a salary of approximately $159,500.00 per year, and included an expected 20-40% annual Bonus, which equaled approximately $31,900.00 to $63,800.00, for a total of $191,400.00 to $223,300.00 yearly salary.

22. Plaintiff would show the court that he has suffered actual damages for lost back Wages, insurance benefits, lost future wages, emotional pain and suffering, Inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

23. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by Intentionally discharging Plaintiff on the basis of his age, national origin and race. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, Indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

24. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626 and 42 U.S.C. §2000e et seq.

25. Plaintiff demands a trial by jury with respect to all issues triable as of right by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

Prays that judgment be entered against Defendant and in favor of Plaintiff:

(a) Order Defendant pay over to Plaintiff the damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back pay and front pay, with interest, and additional amount as liquidated damages;

(b) Order Defendant pay Plaintiff damages for mental distress imposed upon on Plaintiff through and as a result of the aforementioned discriminatory acts;

(d) Order Defendant pay Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

(e) Order Defendant to make up Plaintiff whole by providing appropriate back pay, with Prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices he was subjected to;

(f) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of age;

(g) Order Defendant to institute and carry out policies, practices and procedures which provide equal employment opportunities for Mr. Oyoung with his age, race, and national origin and which eradicates the effects of its unlawful employment practices;

26. Order Defendant to pay a total compensation for all of the above, but not limited damage imposed upon Plaintiff is

### U.S $ of 750,500 Dollars of Minimum

The plaintiff requests that the defendant be ordered:

(a) ■ to stop discriminating against the plaintiff

(b) ■ to employ the plaintiff

(c) ■ to re-employ the plaintiff

(d) ■ to promote the plaintiff

Respectfully submitted,

**Yu-Ping David Oyoung**

(Signature of Plaintiff) *Yuping D Oyong  Dec/15/2015*

Address: 4506 Plantation Creek Dr.
Missouri City, Texas  77459_

Telephone: 832-661-9092

**PLAINTIFF**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 460-2013-03575 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Yu-Ping D. Oyoung | (713) 261-5436 | 09-15-1954 |

Street Address: 4506 Plantation Creek, Missouri City, TX 77459

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VALERUS COMPRESSION SERVICE | 500 or More | (713) 744-6100 |

Street Address: 919 Milam Street, Suite 1000, Houston, TX 77020

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-25-2012    Latest: 07-23-2013
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   I began my employment with this company on or about June 25, 2012 in the position of Manager of Process Engineering. Around April/May of 2013, I applied and was denied a promotion to Director of Process Engineering. I asked Jeff Gill, HR Director, about this matter but he provided no response. Instead, Jeff Lehr, who does not possess the qualifications for said position in comparison to me, remained as Director of Process Engineering and Director of Applications. Around July 20, 2013, I spoke with Jud Morrison, Senior Vice President, alleging discrimination with respect to the denial of the promotion, that Mr. Lehr is not qualified for this position and that Mr. Lehr gives me the wrong directions and then holds me responsible. On or about July 23, 2013, I was terminated from my employment.

II.  Jerry Beck, HR Director, with Jenny Tang, HR Manager, and Mr. Lehr, present, informed me of my termination. Mr. Beck stated that this was my last day and no other reasons or explanation was provided.

III. I believe I have been discriminated against because of my race, Asian, national origin, Chinese, color, dark-skinned, in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age, 59, in violation of the Age Discrimination in Employment Act of 1967, as amended. Additionally, I believe I have been subjected to retaliation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 20, 2013
Date / Charging Party Signature (David Y.P. Oyoung)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Yuping David Oyoung

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 8/20/13

OLGA CASTANEDA
MY COMMISSION EXPIRES
October 30, 2016

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Yu-Ping D. Oyoung
4506 Plantation Creek
Missouri City, TX 77459

From: Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2013-03575 | Sharon McElroy, Investigator | (713) 651-4949 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Mayna Guerra_ (signature)   September 25, 2015
Keith T. Hill,   (Date Mailed)
Acting District Director

Enclosures(s)

cc: Robyn M. Underwood
Corporate Counsel
Valerus Compression Service, LP
919 Milam Street, Suite 1000
Houston, TX 77002

TWC-Civil Rights Division
101 E. 15th St.
Room 144T
Austin, TX 78778