United States District Court
Southern District of Texas
**ENTERED**
October 23, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YU-PING DAVID OYOUNG, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-3725 |
| | § | |
| VALERUS CORPORATION, | § | |
|     Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred to the undersigned are two motions by Plaintiff (Document Nos. 62 & 64), seeking a default judgment against SNC-Lavalin Production and Processing Solutions. For the reasons set forth below, the Magistrate Judge RECOMMENDS that both motions be DENIED.

This is an employment discrimination case brought by Plaintiff Yu-Ping David Oyoung *pro se*. The case was filed in this Court on December 24, 2015, with Oyoung naming Valerus Corporation and Steve R. Gill as Defendants (Document No. 1). Valerus Corporation was served by certified mail, return receipt, with Oyoung filing proof of that service in May and June of 2016. *See* Document Nos. 10, 11 and 12. Thereafter, on July 12, 2016, an Answer was filed by "Valerus Compression Services, LP, now known as Axip Energy Services, LP (incorrectly names Valerus Corporation)" (Document No. 17), along with a "Response to Plaintiff's Demand for Expediting to Judgment" (Document No. 18), stating that it had not been properly served and that Steve Gill was not its registered agent for service. Oyoung, in response, filed another "Demand for Expediting Judgment by Default" (Document No. 24), this time, however, asking that a default judgment be entered against SNC-Lavalin Production and Processing Solutions. Defendant "Valerus Compression Services, LP, now known as Axip Energy Services, LP (incorrectly names Valerus

Corporation)" filed a response to that motion, pointing out that there was no pleading naming SNC-Lavalin Production and Processing Solutions as a Defendant, nor any proof of service on SNC-Lavalin Production and Processing Solutions. *See* Document No. 26. In an Order filed on November 21, 2016, Oyoung's Motions for "expediting judgment" were all denied on the basis that SNC-Lavalin Production and Processing Solutions had not been named in Oyoung's Complaint as a Defendant. *See* Document No. 35. Oyoung attempted to rectify that by filing an Amended Complaint, which named Valerus-SNC-Lavalin's Production and Processing group Corporation as the Defendant. (Document No. 38). Oyoung also filed two motions seeking a determination that SNC-Lavalin Production and Processing Solutions was the genuine, correct and only Defendant in this case (Document Nos. 57 and 58). Oyoung also filed, and the District Court signed, an Agreed Voluntary Dismissal of "Defendant Axip Energy Services, LP formerly known as Valerus Compression Services, LP" (Document Nos. 59, 60 and 61). Oyoung's motions for default/default judgment (Document Nos. 62 and 64) followed. Because there is now a pleading naming SNC-Lavalin Production and Processing Solutions as a Defendant (Document No. 38), but there is no proof in the record that Oyoung, *after* the filing of that pleading, served SNC-Lavalin Production an Processing Solutions with process, neither a default nor a default judgment is available.

Fed. R. Civ. P. 55 sets forth the rules and procedures for both the entry of default against a party that has failed to plead or otherwise defend, and the subsequent entry of a default judgment. Under Rule 55(a), the entry of a default is required "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a default has been entered, a default judgment may be entered by the Clerk or by the Court.

<u>By the Clerk</u>. If the plaintiff's claim is for a sum certain or a sum that can be made certain

by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—may enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

<u>By the Court</u>. In all other cases when the amount of the claim is not certain and cannot be made certain, the party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment may be entered against a minor or incompetent person only if represented by a "general guardian, conservator, or other like fiduciary who has appeared." *Id.* If the party or its representative, against whom default judgment is sought, has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. *Id.* Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. The Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate the judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

An entry of default judgment is within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d. 886, 893 (5th Cir. 1998). The Fifth Circuit has noted that the Federal Rules of Civil Procedure disfavor default judgments and that they should only be resorted to by courts in extreme situations. *Id.* ("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.")

Courts should consider the following factors when determining whether to enter default

judgment: "whether material issues of fact are at issue, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* Additionally, a court should consider: if the court has personal jurisdiction over the parties; whether the party against whom default judgment is sought was properly and timely served; if the party is a minor, incompetent, or is serving in the military; and if the party failed to timely appear or otherwise file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(1)(A). *See Lindig Construction & Trucking, Inc. v. Bonelli*, 2016 WL 8677200 (W.D. Tex. 2016).

If the court determines that default judgment should be granted, the court must also determine the appropriate amount of damages. F. R. Civ. P. 55(b)(2)(A)-(B) allows the court to conduct a hearing for an accounting or to determine the amount of damages. Generally, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, the court has "wide latitude" to determine that damages capable of "mathematical calculation" may be calculated without first holding a hearing. *Id.* at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Moreover, a hearing is not necessary if the court finds that the affidavits and other documentary evidence are sufficient to determine damages. *Am. Heritage Life Ins. Co. v. Mitchell*, 6:15cv95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016). Fed. R. Civ. P. 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

Here, neither a default nor a default judgment is available to Oyoung because there is no

proof that Oyoung properly served SNC-Lavalin Production and Processing Solutions *after* Oyoung named it as a Defendant in his Amended Complaint. Oyoung appears to believe that he can substitute parties based on some form of corporate related-ness and then utilize, for purposes of a default, his proof of service on a predecessor party. He cannot. Instead, Oyoung must have served SNC-Lavalin Production and Processing Solutions itself with process after he named it as a Defendant in his Amended Complaint. Because there is no evidence in the record that he did so, the Magistrate Judge

RECOMMENDS that Plaintiff's Motions for Default/Default Judgment (Document Nos. 62 & 64) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd day of October, 2017.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE