United States District Court
Southern District of Texas
**ENTERED**
September 17, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Yu-Ping David Oyoung, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action 4:15—cv—03725 |
| § | |
| SNC- Lavalin Production and § | |
| Processing Solutions, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion for Entry of Final Judgment (Document No. 81), in which Plaintiff seeks a Final Default Judgment against Defendant SNC-Lavalin Production and Processing Solutions. For the reasons set forth below, the Magistrate Judge RECOMMENDS that the motion be DENIED.

This is an employment discrimination case brought by Plaintiff Yu-Ping David Oyoung *pro se*. This case was filed in this court on December 24, 2015, with Oyoung naming Valerus Corporation and Steve R. Gill as Defendants (Document No. 1). Valerus Corporation was served by certified mail, return receipt, with Oyoung filing proof of that service in May and June of 2016. *See* Document Nos. 10, 11, and 12. Thereafter, on July 12, 2016, an Answer was filed by "Valerus Compression Services, LP, now known as Axip Energy Services, LP (incorrectly names Valerus Corporation)" (Document No. 17), along with a "Response to Plaintiff's Demand for Expediting to Judgment" (Document No. 18), stating that it had not been properly served and that Steve Gill was not its registered agent for service. Oyoung, in response, filed another "Demand for Expediting Judgment by Default" (Document No. 24), this time, however, asking that a default judgment be entered against SNC-Lavalin Production and Processing Solutions.

Defendant "Valerus Compression Services, LP, now known as Axip Energy Services, LP (incorrectly names Valerus Corporation)" filed a response to that motion, pointing out that there was no pleading naming SNC-Lavalin Production and Processing nor any proof of service on SNC-Lavalin Production and Processing Solutions. *See* Document No. 26. In an Order filed on November 21, 2016, Oyoung's Motions for "expediting judgment" were all denied on the basis that SNC-Lavalin Production and Processing Solutions had not been named in Oyoung's Complaint as a Defendant. *See* Document No. 35. Oyoung attempted to rectify that by filing an Amended Complaint, which named Valerus-SNC-Lavalin's Production and Processing group Corporation as the Defendant. (Document No. 38). Oyoung also filed two motions seeking a determination that SNC-Lavalin Production and Processing Solutions was the genuine, correct and only defendant in this case (Document Nos. 57 and 58). Oyoung also filed, and the District Court signed, an Agreed Voluntary Dismissal of "Defendant Axip Energy Services, LP formerly known as Valerus Compression Services, LP" (Document Nos. 59, 60, and 61). Oyoung's motions for default/default judgment (Document Nos. 62 and 64) followed. Oyoung is now filing a motion for default judgment (Document No. 81) against Defendant SNC-Lavalin, but as service of process on a corporation was not served correctly, neither a default nor a default judgment is available.

     Fed R. Civ. P. 55 sets forth the rules and procedures for both the entry of default against a party that has failed to plead or otherwise defend, and the subsequent entry of a default judgment. Under Rule 55(a) the entry of a default is required "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a default has been entered, a default judgment may be entered by the Clerk or by the Court.

By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made by computation, the clerk- on the plaintiff's request, with an affidavit showing the amount due— may enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

By the Court. In all other cases when the amount of the claim is not certain and cannot be made certain, the party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment may be entered against a minor or incompetent person only if represented by a "general guardian, conservator, or other like fiduciary who has appeared." *Id*. If the party or its representative, against whom default judgment is sought, has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. *Id*. Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. The Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate the judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

An entry of default judgment is within the court's discretion. *Lindsey, et al. v. Prive Corp. et al.*, 161 F.3d. 886, 893 (5th Cir. 1998). The Fifth Circuit has noted that the Federal Rules of Civil Procedure disfavor default judgments and that they should only be resorted to by courts in extreme situations. *Id*.

Courts should consider the following factors when determining whether to enter default judgment: "whether material issues of fact are at issue, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect,

3

the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* Additionally, a court should consider: if the court has personal jurisdiction over the parties; whether the party against whom default judgment is sought was properly and timely served; if the party is a minor, incompetent, or serving in the military; and if the party failed to timely appear or otherwise file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(1)(A). *See Lindig Construction & Trucking, Inc. v. Bonelli*, 2016, WL 8677200 (W.D. Tex. 2016).

If the court determines that default judgment should be granted, the court must also determine the appropriate amount of damages. Fed. R. Civ. P. 55(b)(2)(A)-(B) allows the court to conduct a hearing for an accounting or to determine the amount of damages. Generally, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, the court has "wide latitude" to determine that damages capable of "mathematical calculation" may be calculated without first holding a hearing. *Id.* at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Moreover, a hearing is not necessary if the court finds that the affidavits and other documentary evidence are sufficient to determine damages. *Am. Heritage Life Ins. Co. v. Mitchell*, 6:15cv95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016). Fed. R. Civ. P. 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

Here, neither a default nor a default judgment is available to Oyoung because Plaintiff failed to properly serve the possible Defendant as per the rules of Federal Civil Procedure. Fed. R. Civ. P. 4 sets forth the rules and procedures for summons, what they must contain, and how

4

they must be served. Rule 4(h)(1)(B) details service on a corporation, partnership or association. It reads that the summons must be served,

> "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant". Fed. R. Civ. P. 4(h)(1)(B).

This does not entail sending notice of service to the corporation as an entity, but rather summons must be served on a designated individual, usually appointed by the corporation itself. If summons was served on an individual that is not an officer, a managing or general agent, or their authorized agent, the service is inconclusive and void.

Oyoung has clearly made an attempt to serve the company by mailing the summons directly to the company, yet the rules are very specific about how to serve summons on a corporation. To ensure justice and fairness on a defendant, and to ensure that the right people are notified instead of simply clerks or office personnel, the rules do not allow mailing summons to a corporation alone, but instead it must be mailed to a named officer appointed by the corporation, or a stated executive. Because the evidence in the records shows that Oyoung did not properly serve defendant SNC-Lavalin, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Default Judgment (Document No. 81) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 63(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such a period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 14th day of September, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE