United States District Court
Southern District of Texas
**ENTERED**
January 31, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YU-PING DAVID OYOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-03725 |
| | § | |
| VALERUS CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are a Motion to Dismiss [Doc. No. 96] Plaintiff's First Amended Complaint [Doc. No. 38] filed by Defendant SNC-Lavalin Engineers & Constructors, Inc. and what appears to be a Motion to Disqualify defense counsel [Doc. No. 95] filed by Plaintiff Yu-Ping David Oyoung. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Motion to Disqualify is DENIED.[1]

Plaintiff, proceeding pro se, has alleged that his former employer unlawfully discriminated and retaliated against him. The procedural history of this case has been set forth previously [*see* Doc. Nos. 35, 68, 85]. On October 4, 2018, the Court imposed a deadline of December 13, 2018, for Plaintiff to properly serve Defendant and stated that failure to comply would result in dismissal [Doc. No. 91]. In that Order, the Court also stated:

> . . . Plaintiff has been warned on multiple occasions that he has not properly served the defendant, SNC-Lavalin Production and Processing Solutions. In other circumstances this case might have been dismissed earlier, but no doubt it has not been due to the fact that the plaintiff is proceeding pro se. [Plaintiff has been urged to hire a lawyer but has not done so (*See* Doc. No. 35).]

---

[1] Plaintiff's motion is evidently based on the allegation that defense counsel has previously represented Axip Energy Services, LP, a fact that would allegedly allow defense counsel improper access to Plaintiff's personnel files. Since Plaintiff has not explained how defense counsel's previous representation of Axip Energy Services, LP is grounds for disqualification, the Motion is denied.

On November 20, 2018, Plaintiff filed a return of service purporting to show that he had served process on Defendant [Doc. No. 92]. Defendant subsequently moved for dismissal under, *inter alia*, Federal Rule of Civil Procedure 12(b)(4) for "insufficient process." "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2018). Plaintiff has not filed a Response to the Motion to Dismiss, and the time for filing a Response has passed.

Defendant contends that the Summons that Plaintiff purported to serve in November 2018 was "falsified." It is indeed not a proper Summons. Among other requirements, a Summons must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)–(G). The Summons that Plaintiff purports to have served is not signed by the clerk—rather, it bears the typed, misspelled name of the clerk. It also does not bear the court's seal. Further, the clerk's office dockets all properly issued Summonses. There is no entry in the docket sheet for this case reflecting the issuance of a Summons as to Defendant; rather, the docket sheet only shows that a Summons was issued as to "Valerus Corporation" on the day this case was filed in December 2015. "Valerus Corporation" was the original defendant named by Plaintiff. It accordingly appears that Plaintiff knows how to have a proper Summons issued. In this case, Plaintiff evidently decided to take a shortcut by forging the typed name or electronic signature of the clerk of the court.

Despite numerous admonishments, Plaintiff has failed to serve Defendant with process in a manner that comports with the Federal Rules of Civil Procedure. The Court has allowed Plaintiff considerable leeway because Plaintiff is proceeding pro se, but this case has now been pending for more than three years and Defendant is entitled to have its Motion to Dismiss considered. The Court hereby GRANTS Defendant's Motion to Dismiss [Doc. No. 96] Plaintiff's Amended

Complaint [Doc. No. 38] pursuant to Federal Rule of Civil Procedure 12(b)(4).[2] Any remaining pending motions, including the aforementioned Motion to Disqualify [Doc. No. 95], are denied. Plaintiff's case is dismissed with prejudice.

Signed at Houston, Texas, on this __31st__ day of January, 2019.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also moved for dismissal under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Since the Court has dismissed Plaintiff's claims under Rule 12(b)(4), the Court need not rule on Defendant's Motion under Rule 12(b)(5) or Rule 12(b)(6).

3